UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Naseef Fernando Bryan

v. Case No. 26-cv-348-SE

David Steiner

ORDER

After due consideration of the objection filed, I herewith approve the Report and Recommendation of Magistrate Judge Andrea K. Johnstone dated May 13, 2026. Mr. Bryan's objection to the Report and Recommendation (doc. no. 6) admits that he "could not bring" an action under 8 U.S.C. § 1503 and yet that statute provides the sole private right of action for his claims. For the reasons stated in the Report and Recommendation and those explained below, Mr. Bryan fails to state a cause of action upon which relief can be granted and his case is dismissed.

First, Mr. Bryan argues that he alleges his claims under 28 U.S.C. § 1331 and Article III, § 2 of the United States Constitution. Both govern the court's subject matter jurisdiction, but "the question of subject matter jurisdiction is, of course, distinct from that whether [Mr. Bryan has] stated a claim upon which relief may be granted." Kostka v. Hogg, 560 F.2d 37, 41 n.5 (1st Cir. 1977); see also Davis v. Passman, 442 U.S. 228, 239 n.18 (1979) ("[*S*]*tanding* is a question of whether a plaintiff is sufficiently adversary to a defendant to create an Art[icle] III case or controversy, or at least to overcome prudential limitations on federal-court jurisdiction," whereas "*cause of action* is a question of whether a particular plaintiff is a member of the class of litigants that may, as a matter of law, appropriately invoke the power of the court." (emphasis in original)).

Second, Mr. Bryan argues that he alleges a "mandamus-type" claim under 28 U.S.C. § 1361. A prerequisite to mandamus relief is that there is no other adequate remedy at law. Alsaidi v. United States Dep't of State, 292 F. Supp. 3d 320, 327 (D.D.C. 2018). Several courts have recognized that § 1503 provides an adequate remedy in this context. Id.; Cortez v. Rubio, No. 25-20339, 2026 WL 1383046, at *5 (5th Cir. May 18, 2026). Judicial review under the Mandamus Act is precluded. Alsaidi, 292 F. Supp. 3d at 327.

Third, Mr. Bryan argues that he alleges constitutional claims. If so, he must proceed under either 42 U.S.C. § 1983 or Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971) because a "litigant complaining of a violation of a constitutional right does not have a direct cause of action under the United States Constitution." McEntee v. Beth Israel Lahey Health, Inc., 685 F. Supp. 3d 43, 50 (D. Mass. 2023). Defendant Steiner, the only defendant, is the Postmaster General of the United States. Thus, he is a federal actor and not a state actor. Section 1983 does not create a private right of action to address alleged constitutional violations by federal actors. Leaver v. Life Care Centers of Am., Inc., 712 F. Supp. 3d 194, 200 n.7 (D. Mass. 2024). Insofar as Mr. Bryan attempts to bring freestanding constitutional claims under Bivens and its progeny: "[T]hat Congress [ ] provided a cause of action under [Section] 1503 precludes finding an implied private right of action under the Constitution." Cortez, 2026 WL 1383046, at *5 n.15 (quoting Tankoano v. USCIS, 652 F. Supp. 3d 812, 816 (S.D. Tex. 2023) (quotations omitted)); see also Jud. Watch, Inc. v. Rossotti, 317 F.3d 401, 409 (4th Cir. 2003).

Fourth, Mr. Bryan's references to 8 U.S.C. § 1422 and 18 U.S.C. § 1028(d)(7) are similarly unavailing. While it is true that § 1422 of the Immigration and Nationality Act provides, "The right of a person to become a naturalized citizen of the United States shall not be

denied or abridged because of race or sex or because such person is married," 8 U.S.C. § 1422, Mr. Bryan has not alleged that he was denied the right to become a naturalized citizen, or, even if he were, that such denial was based on race, sex, or marriage. And 18 U.S.C. § 1028(d)(7) defines the term "means of identification" for the purpose of a criminal statute concerning fraud and related activity in connection with identification documents, authentication features, and information. Criminal statutes generally do not create private rights of action. Cf. Gibbs v. SLM Corp., 336 F. Supp. 2d 1, 17 (D. Mass. 2004) ("It is well established that there is no private cause of action under the mail fraud statute which is 'a bare criminal statute with no indication of any intent to create a private cause of action, in either the section in question or any other section.'").

Because 8 U.S.C. § 1503 provides the only cause of action for the wrongs alleged and Mr. Bryan admits that he could not bring an action under 8 U.S.C. § 1503 because the facts do not satisfy the statute's requirements, Mr. Bryan fails to state a claim upon with relief can be granted. His case is dismissed. The clerk is directed to enter judgment accordingly and close this case.

SO ORDERED.

SD Elliott
______________________________
Samantha D. Elliott
Chief Judge

Date: September 2, 2026

cc: Naseef Fernando Bryan, pro se